**CIRCUIT COURT OF THE 20th JUDICIAL CIRCUIT**
**IN AND FOR LEE COUNTY, FLORIDA**

| | |
|---|---|
| **ANTHONY BACKHURST**, an individual, and **ANGEL CRUZ**, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> **LEE COUNTY**, a political subdivision of the State of Florida, <br><br> Defendant. | CIVIL ACTION <br><br> Case No.   17-CA-2634 <br><br> Judge: Jay B. Rosman |

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COME** the Plaintiffs, **ANTHONY BACKHURST** ("**BACKHURST**") and **ANGEL CRUZ** ("**CRUZ**") (collectively "Plaintiffs"), by and through undersigned counsel, and states the following for their Amended Complaint:

**CAUSES OF ACTION**

1.  This is an action brought under 42 U.S.C. §1983 (§1983) for violation of the First Amendment of the United States Constitution, 31 U.S.C. §3729 (False Claims Act), F.S. §68.081 (Florida False Claims Act), F.S. §112.3187 for violation of Florida's Public Whistleblowers Act (FPWA), the damages for which exceed $15,000.00.

**PARTIES**

2.  Plaintiff, **ANTHONY BACKHURST** ("**BACKHURST**") is an individual and a resident of Florida who at all material times resided in Lee County, Florida and was employed by the Defendant.

1

3. Plaintiff, **ANGEL CRUZ** ("**CRUZ**") is an individual and a resident of Florida who at all material times resided in Lee County, Florida and was employed by the Defendant.

4. Defendant, **LEE COUNTY** ("Defendant") is a political subdivision of the state of Florida. At all material times, the Defendant employed more than ten employees.

5. At all times relevant to the instant action, the Defendant was Plaintiffs' employer within the meaning of 42 U.S.C. §1983, FCA, FFCA and PWA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of this matter under F.S. § 26.012.

7. Venue is proper in Lee County under F.S. § 47.011 because the Plaintiffs reside in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiffs' claims occurred in Lee County, Florida.

## GENERAL ALLEGATIONS

### Background

8. The Defendant operates all municipal services, including local animal services.

9. **BACKHURST** was hired by the Defendant in 2011 as an Animal Control Officer and promoted to a Supervisor of Field Operations in 2012.

10. **CRUZ** was hired by the Defendant in October 2008 as an Animal Control Officer and promoted to a Supervisor of Field Operations in 2009.

### Backhurst Engages in Speech Protected By the First Amendment

11. On November 24, 2014, two former employees of the Defendant (Donna Ward and Glenn Johnson) filed a lawsuit against Defendant Lee County, asserting claims for whistleblower retaliation under the Florida Whistleblower Act, Fla. Stat. § 112.3187. These two former employees were employed within the Defendant's Animal Services division.

2

12. That action was widely reported on by the local television and print news media.

13. Trial in that action began on January 23, 2017.

14. **BACKHURST** was under subpoena to testify at the trial.

15. On January 31, 2017, **BACKHURST** was called to, and did, testify at trial on behalf of the former employees of the Defendant.

16. **BACKHURST**'s sworn testimony was highly critical of the Defendant and various supervisors expressed their displeasure to **BACKHURST** about his sworn testimony.

**Backhurst and Cruz Exercise their First Amendment Right to Petition for Redress of Grievances & Engage in Statutorily Protected Activity**

17. The First Amendment to the United States Constitution protects the freedom of speech including "the right of the people ... to petition the Government for a redress of grievances." U.S. Const. Amend. I.

18. Only when a public employee begins to do or say things that detract from the public employer's effective operation will the public employer have some power to restrain the employee.

19. On or about April 24, 2017, **BACKHURST** petitioned the Defendant for redress of grievances when he sent a written, signed complaint to the Defendant's Chief Executive, which detailed violations of law, rule and/or regulation, in addition to gross mismanagement, malfeasance and misfeasance of the Defendant.

20. **BACKHURST**'s grievances included, but were not limited to, the Defendant illegally altering public records, allowing a grossly unsafe workplace, allowing animal cruelty, a gross waste of public funds by the Defendant overpaying for expensive equipment, false claims against the Defendant by virtue of Defendant's employees engaging in illegal bid-rigging and allowing best-rate fraud to be committed upon the Defendant, the Defendant failing to adhere to a court order and the Defendant's various violations of Title VII of the Civil Rights Act of 1964,

including condoning public employees giving Nazi-salutes in public. This was not an ordinary employee grievance.

21. The Defendant established a forum for resolution of the grievance.

22. As part of the grievance process enacted by the Defendant, an investigation of animal services by the Defendant as a result of **BACKHURST**'s grievance, on June 2, 2017, both Plaintiffs were interviewed by a third-party investigator, which investigator was empowered to investigate complaints and make reports or recommend corrective action.

23. Both Plaintiffs willingly spoke with the investigator as a means to petition the Defendant for redress of the above-cited grievances.

24. During each interview, both Plaintiffs disclosed information to the investigator consistent with ¶20, above.

25. With the exception of an unsafe workplace, none of the complaints raised by the Plaintiffs were personal workplace grievances, nor did they involve the performance of Plaintiffs' job duties. Both Plaintiffs motivation for petitioning the Defendant for redress of their grievances was to bring to light actual/potential wrongdoing or breach of public trust on the part of the Defendant and others.

26. Specifically, both Plaintiffs disclosed to the investigator that the Defendant was wasting taxpayer money, was allowing animal cruelty, was unaware of or condoning fraud committed against it that resulted in public monies being fraudulently obtained by private parties through false claims, and various hostile workplace complaints on behalf of others and which the Plaintiffs alleged were systemic within the Defendant.

27. Filing such grievances and reporting this sort of wrongdoing was *not* part of the Plaintiffs' job duties.

28. Beginning in 2014 and continuing well into 2017, the Defendant's Animal Services Division had been the subject of many reports by the news media, including on topics of animal cruelty, mismanagement and illegal retaliation.

29. While both Plaintiffs learned of these matters through their public employment, in complaining about the same and requesting redress of these grievances, they were speaking as private citizens on matters of public concern.

30. During their respective meetings with the investigator, both Plaintiffs were fully candid with the Defendant's investigator and each proffered both their grievances but also ideas to improve the Defendant, a public body, and seek change for the betterment of the general public.

31. Both Plaintiffs advanced personal expression directed to the Defendant, a public body, seeking redress of a grievance and sought action by the Defendant to address those concerns.

32. Just as the public has a right to hear the views of public employees, the public has a right to the benefit of the Plaintiffs' participation in petitioning activity.

**Retaliation**

33. At no time during the Plaintiffs' employment did the Defendant ever inform them that they were either the subjects of the investigator or that there were any allegations of wrongdoing by them whatsoever.

34. To the contrary, the investigator represented to them that she was investigating the animal services department and concerns that the Plaintiffs had raised and were raising.

35. The investigation into animal services was commissioned by the Defendant's Chief Executive.

36. On June 28, 2017, a mere 26-days after further engaging in protected activity by petitioning the Defendant for redress of grievances, the Defendant required both Plaintiffs to attend individual meetings wherein each Plaintiff was informed of their termination.

37. Specifically, the Defendant informed each Plaintiff that they were terminated "[a]s a result of a recent investigation of the Lee County Domestic Animal Services Department," and the alleged relevant Lee County Policy cited was "Policy 101: Employee Behavior."

38. The Plaintiffs' terminations were not part of a reduction in force.

39. There was no budgetary need to terminate the Plaintiffs.

40. The Plaintiffs had always performed their assigned duties in a professional manner and were very well qualified for their positions. They were not subject to any discipline whatsoever prior to their engagement in protected activity.

41. The Plaintiffs always received positive performance reviews from the Defendant until they engaged in their protected activity.

42. As a direct and proximate result of petitioning the Defendant for redress of grievances and for reporting of the Defendant's violations of law to the appropriate local official and their objection to the Defendant's illegal practices, the Plaintiffs were terminated by the Defendant.

**COUNT I – VIOLATION OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION VIA 42 U.S.C. §1983- FREE SPEECH- BACKHURST**

43. Plaintiff incorporates by reference Paragraphs 1-16, 33 and 36-41 of this Complaint as though fully set forth below.

44. At all material times, **BACKHURST** was an employee and the Defendant was his public employer.

45.   **BACKHURST**'s speech, which was in the form of truthful subpoenaed testimony, involved matters of public concern and his speech was as a private citizen as the topics of his speech did not involve his job duties, personal grievances or workplace conditions and instead were on matters of public concern.

46.   **BACKHURST**'s free speech interests outweighed the Defendant's interest in silencing **BACKHURST** as his speech did not interfere with the effective and efficient fulfillment of the Defendant's responsibilities.

47.   **BACKHURST** was qualified for the positions that he held with the Defendant.

48.   **BACKHURST** was terminated by the Defendant as a direct and proximate result of his protected speech, which consisted of truthful subpoenaed testimony that was critical of the Defendant.

49.   The Defendant would not have caused **BACKHURST**'s termination in the absence of his engagement in protected speech.

50.   The Defendant has violated **BACKHURST**'s First Amendment right to freedom of speech.

51.   As a direct and proximate result of the violations **BACKHURST**'s free speech rights, as referenced and cited herein, **BACKHURST** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

52.   As a direct and proximate result of the violations of **BACKHURST**'s First Amendment rights, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **BACKHURST** is entitled to all relief necessary to make him whole as provided for under 42 U.S.C. §1983.

53. As a direct and proximate result of the Defendant's actions, **BACKHURST** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing this Defendant to cease and desist from all retaliation against employees who engage in speech protected by the First Amendment of the United States Constitution;

ii. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiffs would have received had they maintained their positions with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiffs have incurred as a result of the Defendant's actions;

v. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statutes cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION VIA 42 U.S.C. §1983- PETITION CLAUSE- BACKHURST & CRUZ

54. Plaintiff incorporates by reference Paragraphs 1-10, and 17-42 of this Complaint as though fully set forth below.

55. At all material times, the Plaintiffs were employees and the Defendant was their public employer.

56. The Plaintiffs petitioned the Defendant, a public employer, for redress of their respective grievances.

57. The Plaintiffs' respective grievances each involved matters of public concern and were made as private citizens.

58. The topics of the Plaintiffs' grievances did not involve their job duties, personal grievances or workplace conditions and instead were on matters of public concern.

59. The Plaintiffs' First Amendment interests outweighed the Defendant's interest in silencing the Plaintiffs as their respective petitions did not interfere with the effective and efficient fulfillment of the Defendant's responsibilities.

60. Both Plaintiffs were qualified for the positions that they held with the Defendant.

61. The Plaintiffs were terminated by the Defendant as a direct and proximate result of their petitions.

62. The Defendant would not have caused the Plaintiffs' terminations in the absence of their petitions.

63. The Defendant has violated the Plaintiffs' First Amendment right to freedom of speech.

64. As a direct and proximate result of the violations their free speech rights, as referenced and cited herein, the Plaintiffs have lost all of the benefits and privileges of their employment and have been substantially and significantly injured in their career path.

65. As a direct and proximate result of the violations of the Plaintiffs' First Amendment rights, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against them, the Plaintiffs are entitled to all relief necessary to make them whole as provided for under 42 U.S.C. §1983.

66. As a direct and proximate result of the Defendant's actions, the Plaintiffs have suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing this Defendant to cease and desist from all retaliation against employees who engage in speech protected by the First Amendment of the United States Constitution;

ii. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiffs would have received had they maintained their positions with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiffs have incurred as a result of the Defendant's actions;

    v.      Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statutes cited above;

    vi.      Reasonable attorney's fees plus costs;

    vii.      Compensatory damages, and;

    viii.      Such other relief as this Court shall deem appropriate.

## COUNT III – VIOLATION OF 31 U.S.C. § 3730(h): THE FALSE CLAIMS ACT ("FCA")- BACKHURST & CRUZ

67. Plaintiff incorporates by reference Paragraphs 1-10, 19-27, 30 and 33-42 of this Complaint as though fully set forth below.

68. At all material times, the Plaintiffs were employees and the Defendant was their public employer.

69. The Plaintiffs believed in good faith, and a reasonable employee in the same or similar circumstances would also believe, that false claims were being committed against the Defendant by virtue of Defendant's employees engaging in illegal bid-rigging and allowing best-rate fraud to be committed upon the Defendant

70. The Defendant was aware of the Plaintiffs' disclosure of these alleged misdeeds to the Defendant because they were made during the Plaintiffs' respective petitions for redress of grievances and by virtue of their disclosure during the June 2, 2017 interview.

71. Just 26-days thereafter, the Defendant terminated the Plaintiffs.

72. Pursuant to 31 U.S.C. § 3730(h) of the False Claims Act (hereinafter "FCA"), any employee who is discharged, demoted, suspended, threatened, harassed and otherwise discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done under the FCA is entitled to all relief necessary to make the employee whole.

73. The purpose of the FCA, as explained in the Senate report accompanying the 1986 amendments to the FCA, states that Congress added a retaliation provision to the FCA "to halt companies… from using the threat of economic retaliation to silence 'whistleblowers'" and to "assure those who may be considering exposing fraud that they are legally protected from retaliatory acts." S. Rep. No. 99-345, at 34 (1986), U.S. Code Cong. & Admin News 1986, at 5266, 5299.

74. The Defendant began its negative employment actions against the Plaintiffs and ultimately did discharge them for reasons contrary to public policy, as set out in 31 U.S.C. § 3730(h) and without just cause.

75. The Defendant, in terminating the Plaintiffs, retaliated and discriminated against them because of complaints and concerns raised by them to the Defendant.

76. The acts of the Defendant in terminating the Plaintiffs violated the provisions of 31 U.S.C. § 3730(h).

77. Following the Plaintiffs' reporting of false claims against the Defendant by virtue of Defendant's employees engaging in illegal bid-rigging and allowing best-rate fraud to be committed upon the Defendant, the Defendant terminated the Plaintiffs for their lawful conduct protected under the FCA.

78. Plaintiffs' conduct, including but not limited to investigating the false claims against the Defendant by virtue of Defendant's employees engaging in illegal bid-rigging and allowing best-rate fraud to be committed upon the Defendant, and also raising complaints concerning same and bearing witness to violations of same, potential testimony concerning, potential initiation of and assistance in an action filed or potentially to be filed pertaining to the FCA, is all protected conduct under the FCA.

79. The Defendant retaliated against the Plaintiffs for lawful and protected conduct in connection with their investigation for, initiation of, testimony, potential testimony concerning, and assistance in an action filed or to be filed under the FCA, 31 U.S.C. § 3729 et seq.

80. The Plaintiffs are entitled to all relief necessary to make them whole, including reinstatement with the same seniority status that they would have had but for the discrimination and two times the amount of back pay.

81. Plaintiffs, pursuant to 31 U.S.C. § 3730(h), are entitled to litigation costs and all reasonable attorneys' fees incurred in connection with this action.

82. As a direct and proximate result of the violations of 31 U.S.C. § 3730(h) as referenced and cited herein, the Plaintiffs have lost all of the benefits and privileges of their employments and has been substantially and significantly injured in their career path that was anticipated from their employment.

83. As a direct and proximate result of the violations of 31 U.S.C. § 3730(h) as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against them, the Plaintiffs are entitled to all relief necessary to make them whole.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing this Defendant to cease and desist from all retaliation against employees who engage in speech protected by the FCA;

ii. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiffs would have received had they maintained their positions with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Double back pay;

    iv.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

    v.    Reimbursement of all expenses and financial losses Plaintiffs have incurred as a result of the Defendant's actions;

    vi.    Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statutes cited above;

    vii.    Reasonable attorney's fees plus costs;

    viii.    Compensatory damages, and;

    ix.    Such other relief as this Court shall deem appropriate.

### COUNT IV – VIOLATION OF THE FLORIDA FALSE CLAIMS ACT ("FFCA")- BACKHURST & CRUZ

84. Plaintiff incorporates by reference Paragraphs 1-1-10, 19-27, 30, 33-42 and 68-71 of this Complaint as though fully set forth below.

85. At all times material hereto, the Defendant was an employer covered by F.S. §68.088.

86. F.S. §68.088 precludes retaliation, suspension, threats, harassment and other discriminatory conduct against employees who do any lawful act or conduct in furtherance of any action filed or to be filed under the FFCA.

87. The termination of the Plaintiffs was in violation of F.S. §68.088.

88. As a direct and proximate result of the termination by the Defendant, the Plaintiffs have suffered and incurred and continues to suffer and incur loss of compensation and other benefits, harm and damage to reputation and emotional distress.

89. The Defendant's conduct was and is malicious, fraudulent and oppressive in violation of public policy and in violation of F.S. §68.088.

WHEREFORE, Plaintiffs request that judgment be entered against Defendant and that they be awarded any and all relief pursuant to F.S. §112.3187 including, but not limited to:

   a. Front pay;

   b. Back pay;

   c. Interest on back pay;

   d. Any and all other compensatory and special damages;

   e. All litigation costs and reasonable attorney's fees, and;

   f. Such further relief that this Court deems appropriate.

**COUNT V – VIOLATION OF FLORIDA'S PUBLIC WHISTLEBLOWER ACT (FPWA)**

90. Plaintiff incorporates by reference Paragraphs 1-10, 19-27, 30 and 33-42 of this Complaint as though fully set forth below.

91. This Count is timely brought under F.S. §112.3187(8)(c) as Plaintiffs exhausted all administrative remedies within the meaning of the law.

92. At all material times, Plaintiffs were employees and the Defendant was their employer covered by and within the meaning of the FPWA.

93. Plaintiffs were qualified for the positions that they held with the Defendant.

94. Plaintiffs did engage in statutorily protected activity.

95. Plaintiffs did make several disclosures of the Defendant's violations of federal, state, and/or local laws, rules, and/or regulations committed which created and presented a substantial and specific danger to the public's health, safety, or welfare.

96. Plaintiffs did make several disclosures of the Defendant's gross mismanagement, malfeasance, misfeasance, nonfeasance, and/or neglect of duty.

97. Plaintiffs did suffer adverse employment action, which is causally linked to their engagement in statutorily protected activity.

98. **BACKHURST** made his written disclosures on his own initiative to the appropriate local official.

99. Plaintiffs were requested to, and did, participate in an official investigation by the Defendant.

100. Plaintiffs' complaints and disclosures constitute a protected activity because their complaints and disclosures were concerning an unlawful activity of the Defendant.

101. Said protected activity was the proximate cause of the Defendant's negative employment actions against Plaintiffs, which included Plaintiffs' termination.

102. Instead of investigating Plaintiffs' complaints and lauding their honest reporting of violations of law, rules and/or regulations or gross mismanagement, malfeasance and misfeasance of the Defendant, the Defendant retaliated against the Plaintiffs by terminating their employment.

103. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the PWA.

104. As a direct and proximate result of the violations of the PWA, as referenced and cited herein, Plaintiffs have lost all of the benefits and privileges of their employment and have been substantially and significantly injured in their career path.

105. As a direct and proximate result of the violations of the PWA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against them, Plaintiffs are entitled to all relief necessary to make them whole as provided for under the PWA.

106. As a direct and proximate result of the Defendant's actions, Plaintiffs have suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future

employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiffs request trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiffs would have received had they maintained their position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiffs have incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## JURY DEMAND

**NOW COME** the Plaintiffs and hereby request a trial by jury on all issues triable by jury.

Respectfully submitted,

Dated: January 11, 2018         **s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiffs
YORMAK EMPLOYMENT & DISABILITY LAW
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2018, I e-filed the foregoing document using the Portal, which caused delivery by Electronic Mail to all counsel of record.

**s/ Benjamin H. Yormak**
Benjamin H. Yormak